Kristin A. Zilberstein, Esq. (SBN: 200041)
L. Bryant Jaquez, Esq. (SBN: 252125)
Adam P. Thursby, Esq. (SBN 318465)
GHIDOTTI | BERGER LLP
1920 Old Tustin Ave.
Santa Ana, CA 92705
Ph: (949) 427-2010 ext. 1010
Fax: (949) 427-2732
bjaquez@ghidottiberger.com

Attorney for Secured Creditor
U.S. Bank Trust National Association as Trustee of Chalet Series III Trust, its successors
and/or assignees

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In Re: | CASE NO.: 2:19-bk-12587-WB |
| ROBERT SANDERS | CHAPTER 13 |
| Debtor (s). | **OBJECTION TO CHAPTER 13 PLAN** |
| | Date: July 31, 2019 |
| | Time: 10:00 AM |
| | Courtroom: 1375 |
| | Location: 255 E Temple St, Los Angeles, CA |
| | Judge: Julia W Brand |

1

2    TO ALL PARTIES IN INTEREST AND TO THEIR ATTORNEYS OF RECORD:

3    U.S. Bank Trust National Association as Trustee of Chalet Series III Trust, its successors

4    and/or assignees, ("Secured Creditor") in the above-entitled Bankruptcy proceeding, hereby

5    submits the following Objections to Confirmation of the Chapter 13 Plan proposed by

6    ("Debtor") ROBERT SANDERS.

7          Secured Creditor is entitled to receive payments pursuant to a Promissory Note which

8    matures on October 29, 2020 and is secured by a Deed of Trust on the subject property

9    commonly known as 628 E 74th St , Los Angeles, CA 90001. As of March 11, 2019, the total

10   secured claim was $379,355.30 with pre-petition arrearages in the amount of $146,162.40, as

11   described in Proof of Claim number 7-1 filed on May 17, 2019. Secured Creditor files this

12   Objection to protect its interests.

13                                  **ARGUMENT**

14         Under 11 U.S.C. §1325, the provisions for plan confirmation in a Chapter 13 have been

15   set.  Unless otherwise ordered, under 11 U.S.C. § 1326(a)(1), the Debtor shall commence making

16   the payments proposed by the Plan within 30 days after the Petition is filed.  The Plan must

17   comply with all applicable provisions of 11 U.S.C. § 1325 to be confirmed.  Based on the

18   foregoing, as more fully detailed below, the Plan cannot be confirmed as proposed.

19   **A. IMPERMISSIBLY MODIFIES SECURED CREDITOR'S RIGHTS AND**

20         **DOES NOT PROPOSE A REASONABLE CURE OF ARREARS**

21         Under 11 U.S.C. §1322(b)(2), a Plan that modifies the rights of a creditor whose claim

22   is secured only by a security interest in real property  that is debtor's principal residence is

23   impermissible.  The proposed Plan does not set forth a reasonable schedule and time period for

24   the payment of the arrearages owed to Secured Creditor. The payoff period and monthly

25   repayment amount proposed by the Debtor exceed a reasonable arrangement in light of Debtor's

26   past non-payment history.  Furthermore, the plan intends to impermissible extend the maturity

27   date on Secured Creditor's claim. The plan seeks to cure the arrearages owed to Secured Creditor

28   over 60 months, which is well beyond the maturity date of the claim.

///

**B. THE PLAN FAILS TO ADEQUATELY PROVIDE FOR POST-PETITION PAYMENTS**

Furthermore, tthe plan fails to provide for sufficient funds to even allow the trustee to maintain post-petition mortgage payments to Secured Creditor. Given the large amount of pre-petition arrrearages owed on Secured Creditor's claim, the Debtor's proposed plan payment does not provide sufficient funds to allow the trustee to maintain post-petition mortgage payments.

**C. THE PLAN IS NOT FEASIBLE – DEBTOR'S INCOME AND EXPENSES ARE SPECULATIVE**

Pursuant to Schedules I, Debtor's income is derived from social security, pension or retirement in the amount of $3,807.00. In addition, Debtor asserts that he receives regular contributions from family in the amount of $3,200.00. However, no evidence or declarations have been provided to support the existence of such family contributions, let alone that such contributions will continue to be provided during the proposed plan term.  Likewise, with regard to Schedule J, Debtor's alleged only expenses relate to the mortgage, utilities and food/house keeping supplies. The Debtor allegedly has no medical, transportation, personal care, clothing, insurance, taxes, or other expenses that are common and re-occurring. Unfortunately, the speculative nature of Debtor's Schedule I and J render the feasibility of Debtor's plan highly questionable. Thus, the Plan cannot be confirmed.

**CONCLUSION**

Any Chapter 13 Plan proposed by the Debtor must provide for and eliminate the Objections specified above in order to be reasonable and to comply with applicable provisions of the Bankruptcy Code.  Secured Creditor respectfully requests that confirmation of the Chapter 13 Plan as proposed by the Debtor be denied.


Dated: June 7, 2019                                          GHIDOTTI | BERGER LLP

                                                             */s/ L. Bryant Jaquez*
                                                             L. Bryant Jaquez, Esq.
                                                             Counsel for Secured Creditor

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1920 Old Tustin Ave.
Santa Ana, CA 92705

A true and correct copy of the foregoing document entitled (*specify*): OBJECTION TO CHAPTER 13 PLAN
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On June 7,
2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following
persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Nancy K Curry (TR)    TrusteeECFMail@gmail.com
- Joseph C Delmotte    ecfcacb@aldridgepite.com, JCD@ecf.inforuptcy.com;jdelmotte@aldridgepite.com
- Hayk Grigoryan    grigoryanlaw@gmail.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Kathy Watson    BKNotices@snservicing.com, BKNotices@snservicing.com
- Kristin A Zilberstein    bknotifications@ghidottiberger.com;gbadmin@ecf.courtdrive.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On June 7, 2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or
adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class,
postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will
be completed no later than 24 hours after the document is filed.

US Bankruptcy Court
Attn: Hon. Julia W. Brand
255 E. Temple Street, Suite 1382
Los Angeles, CA 90012

Robert Sanders
628 E 74th St
Los Angeles, CA 90001

Hayk Grigoryan
1730 N. California Street
Burbank, CA 91505

Nancy K Curry (TR)
1000 Wilshire Blvd., Suite 870
Los Angeles, CA 90017

United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017

☐ Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 6/7/2019 | Enrique Alarcon | */s/ Enrique Alarcon* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.